MILTON GREENBAUM and MILTON F. LEVY, Doing Business under the Firm Name and Style of GREENBAUM AND LEVY, Appellants, v. MORRIS J. WERNER and Others, Defendants, and RAY S. SMITH, Respondent.— In an action to foreclose a mortgage on real property, judgment in favor of defendant-respondent reversed on the law and the facts, with costs, and judgment of foreclosure and sale in the amount of $5,000 and interest directed in favor of plaintiffs, with costs.

Findings and conclusions inconsistent herewith are reversed and new findings and conclusions will be made. The respondent, Smith, and her attorney, defendant Werner, were co-owners of the mortgaged premises. In 1929 they decided to pay off the mortgage incumbrances on the property; and to that end respondent delivered to Werner her check, drawn to his order, for one-half of the amount of the incumbrances. Thereafter Werner assured Mrs. Smith that the mortgage in suit had been paid and satisfied. Mrs. Smith subsequently learned that, instead of procuring a satisfaction, Werner had procured the mortgage to be assigned to his dummy. In 1931 plaintiffs, for a valuable consideration, took an assignment of the mortgage from Werner's dummy. At that time Werner furnished to plaintiffs an affidavit of title and an estoppel certificate, each of the two instruments bearing the signature of Mrs. Smith and each appearing on its face to have been acknowledged and verified by her before a notary public. It has been found that plaintiffs, in their purchase of the mortgage, acted reasonably and prudently and that they were innocent purchasers for value and in good faith. It has been found, however, that Mrs. Smith's signatures to the two instruments were procured by trickery and device on the part of Werner, and that the execution of the instruments was never in fact acknowledged or sworn to. This finding was based on respondent Smith's testimony that when the instruments were handed to her Werner told her not to read them as they were merely papers necessary to correct an error in lot numbers, and that, relying upon such representation as to the contents, she signed without reading the instruments; but that she never made acknowledgments before a notary. It thus appears that both the respondent, Smith, and plaintiffs have been victimized by the fraud of an attorney who has disappeared. In our opinion, it must be held that the acts of Mrs. Smith are such acts as made the fraud possible, and as between two innocent parties she is the one that must bear the loss. Lazansky, P. J., Hagarty, Davis, Johnston and Adel, JJ., concur. Settle order on notice.